IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MU'MIN RAHIM,                          )
                                       )
              Plaintiff,               )
                                       )
       v.                              ) Civ. No. 10-551-SLR
                                       )
DELAWARE BOARD OF PAROLE,              )
et al.,                                )
                                       )
              Defendants.              )

**MEMORANDUM ORDER**

At Wilmington this  ᵗʰday of September, 2010, having screened the case

pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) all claims against the Delaware Board of Parole and

all claims for monetary damages against the remaining defendants in their official

capacities are dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A; and

(2) plaintiff may proceed with the remaining claims against Commissioner Carl

Danberg, Dwight Holden, Warden Perry Phelps, William C. Pfeifer, James C. Justice,

George H. Williamson, III, Joe F. Garcia, and Ronald Hosterman, for the reasons that

follow:

1. **Background**. Plaintiff Mu'min Rahim ("plaintiff"), a prisoner incarcerated at

the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed his

complaint pursuant to 42 U.S.C. § 1983.[1]  He proceeds pro se and has been granted

leave to proceed without prepayment of fees.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used

-2-

when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an

_____

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Count one of the complaint alleges that from November 2, 1962 through November 18, 2008, defendant Delaware Board of Parole ("Parole Board") and its members, defendants William C. Pfeifer ("Pfeifer"), James C. Justice ("Justice"), George W. Williamson, III ("Williamson"), and Joe F. Garcia ("Garcia"), in concert with Delaware Department of Correction ("DOC") Commissioner Carl Danberg ("Danberg"), VCC Warden Perry Phelps ("Phelps"), and VCC treatment administrator Ronald Hosterman ("Hosterman"), have failed to follow proper procedures, sentencing laws, administrative regulations, policies and procedures in connection with parole denials, all in violation of plaintiff's constitutional right to due process and ex post facto requirements. Count two of the complaint alleges that plaintiff's family members and community supporters are denied an opportunity to present and speak on his behalf at parole hearings in violation of his right to due process. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

7. **Eleventh Amendment**. The Parole Board, an agency of the State of Delaware, is entitled to sovereign immunity provided by the Eleventh Amendment. *Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir.1986) ("it should be noted that any action by the appellant against the Parole Board is barred by the Eleventh Amendment. *See Alabama v. Pugh,* 438 U.S. 781 (1978) (per curiam).") The Eleventh Amendment

bars an action against a state, or its agencies, in federal court. *See Kentucky v. Graham,* 473 U.S. 159 (1985). Moreover, the type of relief sought is irrelevant to the question of Eleventh Amendment immunity. *See Lavia v. Pennsylvania, Dep't of Corrections,* 224 F.3d 190, 195 (3d Cir. 2000); *Mikolaicik v. Pennsylvania,* No. 90-2209, 1990 WL 40834, at *1 (E.D. Pa. Apr. 5, 1990) ("As for the claim against the Pennsylvania Board of Probation and Parole, the Eleventh Amendment bars any lawsuit against a state agency in a federal court."). *See also Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977) (Board of Parole cannot be sued for it is not a "person" within the meaning of § 1983.). The Parole Board is immune from suit and, therefore, will be dismissed as a defendant pursuant to 28 U.S.C. § 1915 and § 1915A.

8. **Official Capacities**. To the extent plaintiff seeks damages from the state official defendants, said claims are barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police* holds that holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Accordingly, the court will dismiss the claims seeking monetary damages from the state official defendants in their official capacities.

9. **Conclusion**. For the above reasons, the Delaware Board of Parole is dismissed as a defendant as it is immune from suit. All claims for monetary damages against the remaining defendants in their official capacity are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff may proceed with the remaining claims against Commissioner Carl Danberg, Dwight Holden, Warden

Perry Phelps, William C. Pfeifer, James C. Justice, George H. Williamson, III, Joe F. Garcia, and Ronald Hosterman.

IT IS FURTHER ORDERED that:

1. The Clerk of Court shall cause a copy of this order to be mailed to plaintiff.

2. The Clerk of Court is directed to add defendants William C. Pfeifer, James C. Justice, George H. Williamson, III, Joe F. Garcia, and Ronald Hosterman to the court docket. They were inadvertently omitted from the court docket at the time of case opening.

3. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall complete and return to the Clerk of Court **original** "U.S. Marshal-285" forms for **remaining defendants Commissioner Carl Danberg, Dwight Holden, Warden Perry Phelps, William C. Pfeifer, James C. Justice, George H. Williamson, III, Joe F. Garcia, and Ronald Hosterman, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). Plaintiff shall provide the court with copies of the complaint for service upon the remaining defendants. Plaintiff is notified that the United States Marshal Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

4.  Upon receipt of the form(s) required by paragraph 3 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

5.  A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form.  Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3).  A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

6.  A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2).  **A separate service order will issue in the event a defendant does not timely waive service of process.**

7.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

8.  **NOTE: \*\*\*** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

-7-

9. **Note: \*\*\*** Discovery motions and motions for appointment of counsel filed

prior to service will be dismissed without prejudice, with leave to refile following service.

\*\*\*

UNITED STATES DISTRICT JUDGE

-8-