IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MU'MIN RAHIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-551-SLR |
| | ) |
| DWIGHT HOLDEN, et al., | ) |
| | ) |
| Defendants. | ) |

Mu'min Rahim, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: June ??, 2012
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Mu'min Rahim ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit alleging deprivation of his right to due process in violation of the Fourteenth Amendment of the United States Constitution. Plaintiff proceeds pro se and was granted leave to proceed without prepayment of fees. (*See* D.I. 4) Presently before the court is defendants' motion to dismiss plaintiff's amended complaint. (D.I. 37) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons discussed, the court will deny the motion.

## II. BACKGROUND

The court screened the case and dismissed all claims against the Delaware Board of Parole ("Board of Parole") and all claims against defendants in their official capacities seeking monetary damages. (*See* D.I. 6) Defendants filed a motion to dismiss, it was granted on December 22, 2011, and plaintiff was given leave to file an amended complaint only as to the claims raised against the Department of Correction defendants ("State defendants").[1] (D.I. 34, 35)

Plaintiff filed an amended complaint on January 23, 2012. (D.I. 36) The amended complaint includes the allegations contained in the original complaint as well as additional allegations against State defendants Carl Danberg ("Danberg"), Perry Phelps ("Phelps"), and Ronald Hosterman ("Hosterman").[2] Plaintiff alleges that he was

---

[1] When the clerk's office docketed the memorandum opinion and order, it failed to terminate defendants Dwight Holden, William C. Pfeifer, James C. Justice, George H. Williamson, III, and Joe F. Garcia.

[2] The court has dismissed all claims against the Board of Parole and its members as immune from suit. Therefore, it does not consider any renewed claims raised

denied parole for arbitrary and constitutionally impermissible reasons on September 17, 1991, June 24, 2003, February 22, 2005, August 8, 2006, and September 18, 2008. The amended complaint alleges that State defendants violated plaintiff's right to due process under the Fourteenth Amendment and raises two counts. Count one alleges that State defendants, in concert with Board of Parole members, unlawfully applied new and harsher sentencing laws and other arbitrary Department of Correction ("DOC") administrative regulations, policies, and procedures, all to plaintiff's detriment. Count two alleges that State defendants denied plaintiff's family members and community supporters an opportunity to attend parole board hearings and speak on his behalf. The amended complaint states that there is no grievance procedure available to plaintiff, that parole decisions are non-grievable, and that plaintiff has appealed to the Board of Parole. (D.I. 36)

On February 6, 2012, State defendants filed a motion to dismiss pursuant to Fed. R .Civ. P. 12(b)(6) on the grounds that plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, prior to filing this action. (D.I. 37, 38)

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A court may consider the pleadings,

---

against them.

2

public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement

3

applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Defendants have the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *Ray v. Kertes,* 285 F.3d 287, 295-96 (3d Cir. 2002). Defendants may also raise this defense via a motion to dismiss in appropriate cases. *Id.* at 295 n.8.

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo,* 548 U.S. 81, 88 (2006).

"'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard,* 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis,* 372 F.3d 218, 231 (3d Cir. 2004)). A prisoner must complete the administrative review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *Nickens v. Department of Corr.,* 277 F. App'x 148, 152 (3d Cir. 2008) (not published) (citing *Williams,* 482 F.3d at 639; *Spruill,* 372 F.3d at 228, 231). Perfect overlap between the grievance and a amended complaint is not required by the PLRA as long as there is a shared factual basis between the two. *Jackson v. Ivans,* 244 F. App'x 508, 513 (3d Cir. 2007) (not published) (citing *Woodford,* 548 U.S. at 95 ("The benefits of exhaustion can be realized

4

only if the prison grievance system is given a fair opportunity to consider the grievance.").

A futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts,* 251 F. App'x 774, 776 (3d Cir. 2007) (not published) (citing *Nyhuis v. Reno,* 204 F.3d 65, 71 (3d Cir. 2000). The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *See Spruill,* 372 F.3d at 227-28; *Nyhuis,* 204 F.3d at 67. A grievance procedure is not available, even if one exists on paper, if the defendant prison officials somehow prevent a prisoner from using it. *Mitchell v. Horn,* 318 F.3d 523 (3d Cir. 2003). If prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. *Brown v. Croak,* 312 F.3d 109, 112-13 (3d Cir. 2002).

State defendants contend that plaintiff did not follow the state prisoner grievance procedure required to resolve the issues he raises against them. They argue that plaintiff sues them for their own actions or involvement in allegedly violating plaintiff's constitutional rights during the parole process and, hence, plaintiff is subject to the PLRA exhaustion requirements as set forth in 42 U.S.C. § 1997e(a).

Attached to plaintiff's opposition is a grievance form that provides instructions for submitting a "regular" grievance. The form has a section for "return of unprocessed grievance" and lists a parole decision as a non-grievable issue. Plaintiff also provides a form memorandum used by the DOC when returning grievances. The memo provides guidance for the return of grievances for Board of Parole decisions and indicates that the inmate must write a letter to the Board of Parole within thirty days of the Board of

Parole's decision, expressing the desire to appeal the decision and listing the reasons. In addition, an inmate cannot request or demand disciplinary action on staff. Plaintiff provided letters he sent to the Board of Parole dated September 30, 1991, December 3, 2004, June 13, 2005, and May 28, 2008, as well as letters from the Board of Parole, the most recent dated November 19, 2008, denying plaintiff's request for parole. (D.I. 39)

Plaintiff states that he has exhausted his administrative remedies with respect to all claims, that he filed a grievance and took every appeal available to him at the departmental level, and points to his appeals to the Board of Parole. It appears that plaintiff believes his appeals to the Board of Parole served to exhaust his administrative remedies as to due process claims raised against State defendants. In addition, plaintiff points to his exhibits that, as set forth in prison grievance forms, parole decisions and grievances requesting or demanding disciplinary on staff are non-grievable. Therefore, he argues that he is not required to exhaust administrative remedies that are unavailable to him. Finally, plaintiff contends that he followed the rules of the prison procedure for proper exhaustion to the high-level DOC defendants by appealing and calling to their attention the problem.

Inmates are required to exhaust administrative remedies when alleging violations of constitutional rights with regard to the parole process. See Jones v. Maher, 131 F. App'x 813, 815 (3d Cir. 2005) (not published) (inmate failed to exhaust administrative remedies on issue that he was subjected to discriminatory parole consideration and retaliatory conduct); see also Hawker v. Consovoy, 198 F.R.D. 619 (D.N.J. 2001); Salaam v. Consovoy, 2000 WL 33679670 (D.N.J. Apr. 14, 2000). Plaintiff raises due

6

process claims against State defendants and, therefore, he must exhaust his administrative remedies as required under the PLRA.

The instructions for submitting a "regular" grievance specifically state that parole decisions are "non-grievable." Nonetheless, defendants expect plaintiff, who appears pro se, to submit a grievance based upon the legal distinction between procedural complaints against State defendants in the parole process and substantive complaints against the Board of Parole in making its parole decision. Notably, plaintiff followed other DOC instructions and sent letters to the Board of Parole regarding its decision.

State defendants have not met their burden to show that plaintiff failed to exhaust his administrative remedies. The grievance instructions for submitting a "regular grievance" are confusing at best, and indicate that parole issues are non-grievable. The court finds that the exhibits upon which plaintiff relies support his position that the DOC grievance procedure was unavailable to him with regard to the issues he raises. Accordingly, the court will deny State defendants' motion to dismiss.

## V. CONCLUSION

For the reasons discussed above, the court will deny State defendants' motion to dismiss. (D.I. 37)

An appropriate order will be entered.